UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
HOWARD BOYCE                                  :
                                              :
        Plaintiff,                            :
                                              :   CIVIL ACTION NO. 05-2996 (JCL)
    v.                                        :
                                              :   **OPINION**
TEAMSTERS INDUSTRIAL AND                      :
ALLIED WORKERS GREATER                        :   Motion to Amend
NEWARK AREA LOCAL UNION                       :
97 and LEGGETT AND PLATT,                     :
INC.                                          :
                                              :
        Defendants.                           :
_____           :

**LIFLAND, District Judge**

Before the Court is a motion by Defendant Leggett & Platt, Inc. ("L&P") to amend this Court's Memorandum and Order of July 26, 2006. For the reasons stated herein, L&P's motion will be denied.

**I.     BACKGROUND**

On June 10, 2005, Howard Boyce ("Boyce" or "Plaintiff") filed a complaint against L&P and Teamsters Industrial and Allied Workers Greater Newark Area Local Union 97 ("Local 97") under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Boyce claimed that L&P breached the governing collective bargaining agreement, and that Local 97 failed to properly

represent him resulting in "irreparable injury, monetary damages and damages for mental anguish and humiliation." (Compl. ¶ 17.) The complaint contained the following allegations. Boyce began working for L&P in September 1992. During the course of his employment, Boyce was a member of Local 97, which was party to a collective bargaining agreement ("CBA") with L&P. In October 2003, a representative of L&P notified Boyce that he was being laid off from his position with the company. (Id. ¶ 7.) Boyce alleged that a representative of Local 97 was with him at the time of the layoff, and that he informed the union representative that his layoff violated the "bumping" provision of the CBA.[1] (Id. ¶ 13.)

Following his layoff, Boyce was offered a different position with L&P, but he rejected the offer because the stated pay rate of $7.00 per hour was $2.00 per hour less than the rate set forth in the CBA. (Id. ¶ 14.) According to the complaint, Boyce made "numerous contacts" with representatives of Local 97 in the weeks and months following his layoff, who assured him that a grievance related to the layoff was being pursued. (Id. ¶ 15.) However, on or about January 17, 2005, Boyce received a letter from Local 97 advising him that a decision had been made not to

---

[1] The "bumping" provision provides that "bumping of less senior employees will be permitted within the department only when a layoff is determined to be more than ten working days." (Compl. ¶ 9.) Boyce alleged that his layoff was for more than ten working days and that less senior employees, whom he should have been allowed to bump, were not subject to the layoff.

pursue his grievance to arbitration.

On October 12, 2005, L&P filed a motion to dismiss Boyce's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  In a letter dated October 25, 2005, Local 97 informed the Court that it was joining in L&P's motion.  L&P's brief in support of its motion to dismiss included two additional facts that were not alleged in Boyce's complaint; specifically, that Boyce filed a written grievance with Local 97 on March 19, 2004 regarding his layoff, and that Boyce was terminated by L&P approximately one year after his layoff.

For purposes of deciding the motion to dismiss, the Court interpreted Boyce's complaint as containing three distinct job action allegations—allegations relating to (1) the pay rate for the post layoff position; (2) his ultimate termination from L&P; and (3) his initial October 24, 2003 layoff.  The Court dismissed Boyce's allegations concerning the first two incidents "because Article 11 of the CBA set[] forth a grievance and arbitration procedure required of all employees which plaintiff did not attempt to follow before filing his complaint."  Boyce v. Teamsters Ind., Civ. Act. No. 05-2996, Memorandum and Order at 5 (D.N.J. July 26, 2006) (slip op., not published); see also Republic Steel Corp. v. Maddox, 379 U.S. 650, 652-53 (1965) (stating that unless an employee attempted to utilize the contractual procedures for settling a dispute with his employer, his independent suit against the

employer would be dismissed).

With respect to the "layoff grievance," the Court noted that the CBA required an aggrieved party to begin the grievance procedure, in writing, within 24 hours of his/her supervisor's unsatisfactory resolution of the dispute. Having found that Boyce failed to meet this deadline (since he did not file a formal grievance until March 2004—five months after the layoff took place), the Court identified the critical issue as "whether Plaintiff allege[d] a cause of action despite his failure to meet this deadline." Id. at 6. Ultimately, the Court determined that he did. Specifically, the Court agreed with Boyce's argument that Local 97's assurances that it was handling the grievance, and its alleged failure to do so, were potentially sufficient to create a cause of action:

> Where "'the union refuses to press or only perfunctorily presses the individual's claim,'" an employee who fails to file a grievance and exhaust his remedies may still have a cause of action in federal court where he can show that "'the union, as his bargaining agent breached its duty of fair representation in its handling of the employee's grievance.'" Hines v. Anchor Motor Freight Inc., 424 U.S. 554, 563, 565 (citing Humphrey v. Moore, 375 U.S. 335 (1964) and Vaca v. Sipes, 386 U.S. 171, 186 (1967)). The duty of fair representation is breached "'only when a union's conduct toward a member of the collective bargaining agreement is arbitrary, discriminatory, or in bad faith.'" Pagano v. Bell Atlantic-New Jersey, Inc., 988 F. Supp. 841, 845 (D.N.J. 1997) (citing Vaca, 386 U.S. at 190)).
>
> Viewing the complaint in a light most favorable to Boyce, as the Court must, the Court finds that the complaint contains sufficient allegations of bad faith by Local 97 which make

> dismissal inappropriate. Plaintiff alleges that Local 97 essentially lied to him by "assuring" him that it was pursuing his grievance, and then failing to do anything about it. The Court cannot say that such a lie is not tantamount to the "bad faith" that breaches the duty of fair representation. It appears that Plaintiff attempted to comply with the CBA's grievance procedure by notifying his union representative during the layoff meeting that he believed the layoff violated the CBA and by repeatedly following up with union about the status of his grievance. The Court is unwilling to say that under no set of circumstances would Plaintiff have a cause of action against Local 97 where he alleges that he attempted to comply with the CBA, was misled by the Local 97, and consequently suffered because of the Union's false assurances.

(Id. at 6-7.)  Accordingly, the Court denied Defendants' motion to dismiss.

Shortly thereafter, on August 7, 2006, L&P filed the instant motion to amend pursuant to Federal Rule of Civil Procedure 52(b), which provides that "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly . . . ."

## II.   ANALYSIS

L&P asks the Court to amend its Memorandum and Order in order to resolve what it characterizes as "an inconsistency between the court's findings and what has been ordered in the Court's opinion."  (L&P's Letter Br. at 1.)  L&P contends that the Court "dismissed the plaintiff's claims against L&P" and "held that dismissal of plaintiff's claim, for [the layoff] grievance only, was not warranted, finding that the

5

plaintiff's complaint alleged facts sufficient to sustain a cause of action *against Local 97*." (Id. at 2,3 (emphasis added).)  Thus, L&P argues, the Court's order denying the motion to dismiss was inconsistent with the Court's findings, and should be amended to clarify that the motion was granted in its entirety with respect to L&P.

L&P mischaracterizes the Court's Memorandum and Order.  To the extent that the Court's findings were unclear or open to misinterpretation, the Court will take this opportunity to clarify its previous holdings.  Part 1 of the Court's analysis stated that Boyce's allegations relating to the pay rate for the post-layoff position and his ultimate termination would be dismissed.  The dismissal of these allegations was not reflected in the Court's order that accompanied the opinion; however, it is not necessary to amend the order accordingly at this time.  Boyce contends that he never intended to raise these incidents as distinct causes of action and points out that he never even mentioned the termination in his complaint.  (Boyce's Letter Br. at 2, 4-5.)  The Court need not formally dismiss allegations that were never pled in the complaint.

In part 2 of the Court's Memorandum and Order, the Court held that Boyce's complaint stated a cause of action despite his failure to meet the 24-hour grievance deadline.  Although not expressly stated, this holding applied to a cause of action

6

against both Local 97 and L&P.  The cases cited by the Court, including <u>Vaca</u> and <u>Hines</u>, clearly state that a cause of action may be maintained against both a union and an employer when the union breaches its duty of fair representation in its handling of the employee's grievance.  <u>See, e.g.</u>, <u>Vaca</u>, 386 U.S. at 186 (1967) (holding that a "wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance").  In other words, if Boyce can prove that Local 97's actions were arbitrary, discriminatory, or in bad faith, then he can sustain an action against Local 97 for failure to properly represent him and against L&P for breach of the CBA.  Accordingly, the Court did not, and will not, dismiss Boyce's claim against L&P with respect to the initial layoff.

### III.  CONCLUSION

For the reasons stated herein, L&P's motion to amend the Court's Memorandum and Order of July 26, 2006 will be denied.

/s/ John C. Lifland, U.S.D.J.

**Date:** March 27, 2007